Judgment affirmed by Supreme
Court opinion filed 11/28/00

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EASTERN ASSOCIATED COAL COMPANY,
<u>Plaintiff-Appellant,</u>

v.

UNITED MINE WORKERS OF AMERICA,
DISTRICT 17; LOCAL 1503, UNITED
MINE WORKERS OF AMERICA,
<u>Defendants-Appellees.</u>

No. 98-2527

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-97-819-2)

Argued: May 6, 1999

Decided: August 20, 1999

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ronald E. Meisburg, HEENAN, ALTHEN & ROLES,
Washington, D.C., for Appellant. William D. Ryan, DISTRICT 17,
UNITED MINE WORKERS OF AMERICA, Charleston, West Virginia, for Appellees. **ON BRIEF:** Anna M. Dailey, Donna C. Kelly,
HEENAN, ALTHEN & ROLES, Charleston, West Virginia, for
Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Eastern Associated Coal Company ("Eastern") appeals a district court order granting summary judgment to United Mine Workers of America, District 17 and Local Union 1503 (collectively, "UMWA") in Eastern's action seeking vacatur of a labor arbitration award. Concluding that the district court correctly decided the issues before it, we affirm.

I.

The present dispute arises out of the National Bituminous Coal Wage Agreement of 1993 ("the Wage Agreement"), a collective bargaining agreement to which Eastern and UMWA are parties. The Wage Agreement reserves exclusively to Eastern the right to hire and discharge employees but provides that "[n]o Employee covered by this Agreement may be disciplined or discharged except for just cause." J.A. 39. Although "just cause" is not defined in the Wage Agreement itself, Eastern's substance abuse policy states that any employee who tests positive for illegal drugs must "be removed from any safety sensitive position and subject to disciplinary action up to and including termination." J.A. 62 (internal quotation marks omitted).

James Smith was employed by Eastern as a mobile equipment operator. In that capacity, Smith was required to have a current commercial driver's license and to operate heavy equipment. On March 25, 1996, Smith was subjected to a random drug test and tested positive for cannabinoids. As a result of the test, he was suspended and eventually discharged. Smith grieved the discharge, and his case proceeded to arbitration. Following a hearing, the arbitrator issued an award returning Smith to work after a 30-day suspension without back pay. In addition, Smith was required to take part in a substance

2

abuse program. The award further required that Smith be subject to random drug testing at the discretion of either Eastern or an approved substance abuse professional over a five-year period.

Smith tested negative for illegal drugs on three subsequent occasions. However, on June 27, 1997, Smith again tested positive for cannabinoids. Again, he was suspended and subsequently discharged, and again, he grieved the discharge and his case proceeded to arbitration. The arbitrator found that Smith's lapse in his abstinence from recreational drug use was an isolated occurrence caused by a family problem. Accordingly, the arbitrator issued an award suspending Smith through October 29, 1997, but then reinstating him, subject to certain conditions. Those conditions included, <u>inter alia</u>, that Smith would receive no back pay, that he would reimburse Eastern and UMWA for the costs of both arbitrations, and that he would provide a signed, undated letter of resignation which would be dated and accepted if he tested positive for any illegal drug, or refused to submit to a drug test, in the following five years.

Eastern sought vacatur of the award in the district court, maintaining that the award does not draw its essence from the Wage Agreement and that it violates a public policy against the use of illegal drugs by persons in safety-sensitive positions. The district court granted summary judgment against Eastern. The court reasoned that because neither the Wage Agreement nor Eastern's substance abuse policy requires that discharge is mandated as the punishment for employees who test positive for illegal drugs, the arbitrator rationally could have concluded that there was not just cause for that punishment under the facts presented here. The court also ruled that the arbitrator's award was not contrary to a well-defined and dominant public policy because although there is a public policy against the use of illegal drugs by those in safety-sensitive positions, there is no such public policy against the reinstatement of employees who have used illegal drugs in the past.

## II.

On appeal, Eastern, repeating the arguments it advanced below,[1]

_____

[1] Eastern also argues for the first time in its reply brief that, even if the arbitrator rationally found no just cause for discharge, the arbitrator vio-

3

contends that the district court erred in granting UMWA's motion for summary judgment. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Eastern Associated Coal Corp. v. UMWA, District 17, No. 2:97-0819 (S.D.W.V. Sept. 30, 1998). **2**

AFFIRMED

_____

lated the Wage Agreement by fashioning his own punishment instead of ordering that Smith be reinstated immediately. However, because this argument is advanced for the first time in Eastern's reply brief, it is not properly before this court, and we decline to address it. See Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996).
**2** UMWA's motion for leave to file an additional responsive memorandum is granted.